J-S27010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :        PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| JEFFREY COOPER | : |
| | : |
| Appellant | : No. 2321 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 30, 2025
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0003062-2023

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                **FILED JULY 21, 2026**

Jeffrey Cooper appeals from his judgment of sentence of seventy-two to 144 months of incarceration, followed by twelve months of re-entry supervision, imposed upon his guilty plea conviction for one count of possession with intent to deliver ("PWID").  We affirm.

Appellant acknowledged the accuracy of the following facts at his guilty plea colloquy.  On October 26, 2023, a warrant was executed at a residence in Forks Township, Northampton County.  As a result, authorities recovered $2,000, a gun, and approximately 600 bags of fentanyl that Appellant admittedly possessed with the intent to deliver.  *See* N.T. Guilty Plea, 6/2/25, at 9-10.

In exchange for Appellant's guilty plea to PWID, the Commonwealth agreed to withdraw additional charges, including a felony firearms offense.

While the plea bargain included no specific agreement as to Appellant's sentence, the Commonwealth assented to seek a term of incarceration at "the bottom of the standard range," *i.e.*, seventy-two months, and to not oppose a mitigated sentence. ***Id***. at 12-13. The court explained the terms to Appellant thusly:

> THE COURT: . . . you understand the decision to accept the plea and render a sentence comes down to me as the Judge. You understand that?
>
> [APPELLANT]: Yes.
>
> THE COURT: Even though the Commonwealth is saying that they are going to stand -- they are going to stand up here and say, Judge, we're not asking for more than the low end, and if you want to mitigate you can mitigate, they are saying it's still my decision. You understand that?
>
> [APPELLANT]: Yes.
>
> THE COURT: Okay. Knowing that, knowing that this is not like somebody promising you that you're getting a mitigated sentence, because that's not what I'm hearing, knowing that, you still wish to stand by your guilty plea?
>
> [APPELLANT]: Yes.
>
> THE COURT: Okay. The court is satisfied with that.

***Id***. at 13-14 (cleaned up). Having accepted the plea, the court ordered a pre-sentence investigation ("PSI") report and scheduled the matter for sentencing.

Appellant presented his case for a mitigated-range sentence in a written sentencing memorandum. Therein, he discussed two cases that had been pending against him in Lehigh County contemporaneously with the case *sub judice*. In each of those cases, Appellant pled guilty to selling fifty bags of

fentanyl to a confidential informant. As a result of his cooperation with federal and local authorities, which led to the seizure of significantly larger quantities of fentanyl and other contraband, the Commonwealth agreed to cap each minimum sentence for his Lehigh Couty convictions at twelve months. Weeks before his sentencing in the instant case, the Lehigh County judge imposed a county sentence of imprisonment and a term of probation. Appellant asked the trial court here to do the same, imposing a minimum sentence of no more than twelve months.

When the parties appeared for sentencing on July 30, 2025, the trial court confirmed that it had reviewed both the PSI report and Appellant's memorandum. *See* N.T. Sentencing, 7/30/25, at 2-3. It confirmed that the statutory maximum sentence was thirty years, and the sentencing guidelines called for a standard-range minimum sentence of seventy-two months, with mitigated minimum being sixty months. *Id*. at 2. The court then heard from Appellant's counsel, who spoke of Appellant's struggles with addiction which he had overcome for a time before relapsing during the COVID-19 pandemic. *Id*. at 4. Counsel reiterated his request for a sentence below the mitigated range of the guidelines. *Id*. at 5. For its part, the Commonwealth indicated that it had nothing to add other than the request that "depending on how Your Honor sentences, to run concurrent with Lehigh," and Appellant seconded the thought. *Id*. at 5-6. Appellant exercised his right to allocution to express his

remorse and desire to get his "life back and start being a productive citizen." *Id*. at 7.

The trial court acknowledged the above, including Appellant's sincere remorse, but declined to impose the requested sentence due to the seriousness of the Northampton County offense, which involved significantly more fentanyl than the offenses at issue in Lehigh County. Accordingly, it sentenced Appellant to a minimum term of seventy-two months, "the lowest end of the standard range," to "run concurrent to any other sentence he's serving." *Id*. at 9.

Appellant filed a timely post-sentence motion.[1] Therein, he reiterated the defense request that Appellant receive "a sentence consistent with the [twelve]-month minimum sentences offered in Lehigh County[,]" and asserted that "[t]he defense outlined the basis for this request in the memorandum and at sidebar before sentencing." Post-Sentence Motion, 8/11/25, at unnumbered 1. Appellant continued: "Based upon this information, the defense understood the Court to be willing to consider a mitigated range sentence." *Id*. He then suggested that, receiving instead a standard-range sentence, he "did not receive the benefit of his sentencing bargain as

_____

[1] The tenth day following the imposition of the sentence fell on Saturday, August 9, 2025. Thus, Appellant timely filed his motion on Monday, August 11, 2025. *See* Pa.R.Crim.P. 720(A)(1) (providing that a post-sentence motion must be filed no later than ten days after the sentence is imposed); 1 Pa.C.S. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

understood by all parties at the time of sentencing." *Id*. at unnumbered 2. Citing "the vital role that plea bargains play in the criminal justice system," and importance of enforcing them to avoid "perversion of the plea bargaining system[,]" he asked the court for "sentence modification consistent with [Appellant]'s exertions and the express and implied understanding of the parties." *Id*. (cleaned up) (quoting *Commonwealth v. Farabaugh*, 136 A.3d 995 (Pa.Super. 2016)).

The trial court promptly denied Appellant's motion and this timely appeal followed. The court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and he complied, asserting that his sentence was the product of an abuse of discretion where:

> (a) [Appellant] provided cooperation at the state and federal level[;] (b) his efforts yielded a substantial benefit to these agencies[;] (c) the prosecution did not oppose a mitigated range sentence[;] (d) the defense submitted a pre-trial memorandum outlining the nature and scope of the cooperation[;] (e) the [c]ourt acknowledged its receipt and review of the memorandum[;] and (f) the express and implied understanding of the parties was that [Appellant] would receive a mitigated range sentence consistent with his cooperation.

Concise Statement, 9/25/25, at 1-2. The trial court thereafter authored a responsive Rule 1925(a) opinion.

Appellant states the following question for our determination: "Did the trial court abuse its discretion and/or commit an error of law by imposing a standard-range sentence after advising defense counsel it would consider a

mitigated sentence off the record before imposing its sentence?" Appellant's brief at 4.

Appellant's first argument in support of his entitlement to relief is that the trial court deprived him of the benefit of his bargain by not imposing a mitigated-range sentence. He cites **Commonwealth v. Parsons**, 969 A.2d 1259 (Pa.Super. 2009) (*en banc*), for the proposition that this implicates "the court's authority to tinker with the negotiated plea bargain, once the court has accepted the plea." Appellant's brief at 16.

In **Parsons**, the trial court accepted a plea agreement by which Parsons pled guilty to statutory sexual assault and corruption of minors and would receive a sentence of six to twenty-three months of incarceration followed by five years of probation. At the subsequent sentencing hearing, Parsons cited mitigating evidence and argued for imposition of a lesser sentence that was agreed upon at the plea hearing. The trial court acceded to the request and refused to order the negotiated sentence. The Commonwealth appealed to this Court, and we held that the trial court "overstepped its bounds, defeated the Commonwealth's rightful expectations, and frustrated the *quid pro quo* of the plea bargain." **Parsons**, 969 A.2d at 1269-70. Thus, we vacated the sentence and remanded for the imposition of the agreed-upon sentence.

As is readily apparent from our above quotation from the plea hearing, **Parsons** is inapposite. To reiterate, at the plea hearing, Appellant stated that he understood the trial court's statement that "this is not like somebody

promising you that you're getting a mitigated sentence[.]" N.T. Guilty Plea, 6/2/25, at 14. Indeed, as Appellant acknowledges later in his brief, "the parties agreed to cap [Appellant's] minimum sentence at [seventy-two] months, with the defense permitted to seek a mitigated sentence[,]" but "there was no specific number agreement." Appellant's brief at 18. Hence, there was no mitigated-range negotiated sentence presented to the court as a *quid pro quo* for Appellant's guilty plea.

If Appellant was only willing to plead guilty in exchange for a sentence akin to the ones he received in Lehigh County for offenses involving a fraction of the drugs at issue in this case, then he should have ensured that a mitigated sentence was a term of the agreement. Instead, the terms of the agreement clearly permitted the court to impose the bottom-of-the-standard-range sentence that it ordered. Appellant was not deprived of the benefit of his bargain.

Appellant's remaining arguments implicate the discretionary aspects of sentencing. We begin our review mindful of the following legal principles. "An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." ***Commonwealth v. Bowens***, 265 A.3d 730, 762–63 (Pa. Super. 2021) (*en banc*) (cleaned up).

> Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3)

whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*. at 763 (cleaned up).

As noted above, Appellant filed a timely notice of appeal following a timely post-sentence motion alleging that his standard-range sentence was inconsistent with the mitigating evidence and his understanding of the terms of the plea agreement. In what appears to be a Pa.R.A.P. 2119(f) statement, Appellant asserts that the trial court failed to consider imposing a mitigated sentence that was warranted by his cooperation with authorities. We perceive this to be a claim that the court to some extent pre-determined his sentence, which we have held raises a substantial question. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1162 (Pa.Super. 2017). Accordingly, we turn to the substance of his claim.

The following law pertains to the merits of Appellant's challenge:

Appellant must demonstrate that the sentencing court abused its discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Solomon*, 247 A.3d 1163, 1168 (Pa.Super. 2021) (cleaned up). Furthermore, where, as here, the trial court has the benefit of a PSI report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so

informed, its discretion should not be disturbed." ***Commonwealth v. Torres***, 303 A.3d 1058, 1065 (Pa.Super. 2023) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009).

While it is broad, "the trial court's discretion is not unfettered." ***Commonwealth v. Coulverson***, 34 A.3d 135, 144 (Pa.Super. 2011). The sentence imposed "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Commonwealth v. Taylor***, 277 A.3d 577, 593 (Pa.Super. 2022) (cleaned up).

In essence, Appellant asserts that, because the only additional information that the trial court received in between accepting the plea and imposing the sentence was the mitigating evidence highlighted in his sentencing memorandum and the PSI report, the court must have reneged on its promise to consider a mitigated sentence. ***See*** Appellant's brief at 23. Appellant reiterates his "extensive efforts on behalf of state and federal drug enforcement agencies," his remorse, and the Commonwealth's lack of

opposition to a below-guidelines sentence, and posits that "the only reasonable remedy is to remand the matter to the trial court with instructions to impose a new sentence consistent with [Appellant]'s efforts to combat the scourge of illicit drug trafficking." *Id*. at 23-24.

The trial court addressed Appellant's claim as follows:

Here, the court appropriately considered the nature and gravity of the offenses, [Appellant]'s prior record, and the challenges in rehabilitating [him] in fashioning its sentence. The sentence complied with the requirements of the Sentencing Code, did not exceed the applicable statutory maximums, and based on the foregoing, cannot be considered an abuse of discretion.

. . . The court did consider, but found unpersuasive, [Appellant]'s argument in favor of a mitigated sentence after weighing all the information presented. "The court's rejection of the mitigating evidence presented to it simply is not equivalent with the court's failure to consider that evidence." *Commonwealth v. Alameda*, 339 A.3d 504, 513 (Pa.Super. 2025).

Trial Court Opinion, 10/23/25, at 3 (some capitalization altered).

We discern no abuse of discretion. Not only does the court's review of the PSI report give rise to the presumption that it was aware of all relevant factors, but the court's on-the-record explanation at the sentencing hearing makes it readily apparent that the court properly undertook its duty to weigh the mitigating factors against "the gravity of the offense as it relates to the impact on the life of the victim and on the community." 42 Pa.C.S. § 9721(b). The court stated:

As I've indicated, the standard range sentence here is [seventy-two] to [ninety] months, meaning that we're looking at a low end of the standard range of [six] years to [seven]-and-a-half. The mitigated range -- the low end mitigated sentence that the

guidelines reflects or shows me is that I can give you a mitigated sentence of [sixty] months, or [five]years. And then I can also aggravate to what would amount to be [eight]-and-a-half years.[2]

I've read the memorandum, [Appellant]. I understand that you've expressed a great deal of remorse. I think the presentence investigation also relates that the officer working with you on that, who authored the report, found that you were remorseful for the actions.

But it is a serious crime with a significant amount, and as much as your attorney is discussing with me the aspect of what happened in Lehigh County and what happened here, these are two separate charges. These are -- there's a difference in the amounts that are involved between the two cases, so from my opinion -- unless anyone wants to argue with me about it -- this seems like the more serious of the two cases as far as the weight aspect of it. It doesn't diminish the level of remorse you have or my being asked to consider the cooperation you provided in the course of all of this, but I'm being asked here to mitigate your sentence below what the standard range is. And based upon everything I've considered here, this court will decline to do that, but I am going to sentence you to the low end, the lowest end of the standard range. So the sentence of the court will be as follows. And as this is a [seventy-two]-month sentence, I'm going to order that you serve incarceration in this case to [seventy-two] to 144 months, so that is going to be [six] to [twelve], credit for time served. I am going to order that this run concurrent to any other sentence he's serving.

That is a state sentence, [Appellant], and is mandated by the length of sentence, but it will run concurrent to your Lehigh County sentence. So to the extent that that is a benefit you are receiving from this court, I am giving you that. I'm not going to order a fine, but he will have to pay the costs and fees. I believe I also have to order an additional [twelve] months of reentry

_____

[2] We observe that, if it concludes that the sentencing factors warrant it, "a trial court legally may impose a harsher sentence than the one agreed upon, even after accepting a plea with a negotiated sentence." **Commonwealth v. Root**, 179 A.3d 511, 518 (Pa.Super. 2018). "However, when it does so, the trial court must give the defendant the option to withdraw his plea and proceed to trial." **Id**.

supervision. It's required. And that is -- if he balances out, it would still be year over year supervision. But if not, then that won't come into play, from my understanding. This is a standard range sentence based upon this plea. It is also my request that [Appellant] be placed in a state facility that will be able to address any drug issues he has and to provide him with the requisite treatment and attention that he would need.

. . . .

Like I said, I've given you the benefit of having a concurrent sentence. I would tell you -- and you should know about me -- that typically, if somebody commits subsequent offenses, I tend to go consecutive, which means you have to serve your sentence after you serve the Lehigh County sentence. But I'm giving you this consideration based upon your remorse and based upon everything else that you've done from the time of this to now.

N.T. Sentencing, 7/30/25, at 7-11 (some capitalization altered).

Thus, Appellant's contention that the court pre-determined a sentence based solely on the evidence available at the plea hearing is belied by the record. Instead, the record reflects that the court considered the mitigating factors along with the seriousness of the offenses and in fact was convinced by Appellant's cooperation, remorse, and rehabilitative needs to order less imprisonment that it otherwise was inclined to impose. The court acted within its discretion in weighing all relevant factors and imposed an individualized sentence that was not manifestly unreasonable or based upon "partiality, prejudice, bias or ill will." *Antidormi*, 84 A.3d at 760.

To the extent that Appellant recounts the mitigating evidence to this Court and asks us to afford it more weight than did the trial court, that we cannot and will not do. *See Macias*, 968 A.2d at 778.

- 12 -

In sum, Appellant agreed to plead guilty to a serious drug offense, for which he faced a thirty-year statutory maximum sentence, with the express understanding that his minimum sentence would be no more than six years, and the Commonwealth would not oppose a lesser sentence. The court accepted the plea, considered whether the pertinent factors warranted a downward departure from the guidelines, decided they did not, and imposed a sentence consistent with the plea agreement. The court committed no error of law or abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2026